IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUZANNE ZERKEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: 4:18-cv-1108 |
| vs. | § | |
| | § | |
| TEXAS CHILDREN'S HOSPITAL | § | TRIAL BY JURY DEMANDED |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

SUZANNE ZERKEL, (hereinafter "Plaintiff"), complains of TEXAS CHILDREN'S HOSPITAL (hereinafter "Defendant") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about discrimination based on her age under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

3. Plaintiff files this Complaint and complains of discrimination based on disability under Title I of the Americans with Disabilities Act of 1990 ("ADA") and the ADA Amendments Act of 2008 ("ADAAA").

4. Plaintiff files this Complaint and complains of discrimination based on retaliation under the ADEA.

5. Plaintiff files this Complaint and complains of retaliation based upon her request for reasonable accommodation pursuant to the ADA and ADAAA.

6. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest and an injunction.

## PARTIES

7. Plaintiff, Suzanne Zerkel, is a resident of Houston, Texas.

8. Defendant, Texas Children's Hospital, is a not-for-profit organization authorized to do business in the State of Texas, and process may be served by mail or in person on the registered agent and Chief Executive Officer, Mark A. Wallace, located at 6621 Fannin Street, Houston, Texas 77030.

## VENUE

9. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendant can be said to reside and/or do business in this district as required under 28 U.S.C. § 1391.

## JURISDICTION

10. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under the ADEA (29 U.S.C.A. § 621, *et seq*.) and the ADA and ADAAA (42 U.S.C.A. § 12101, *et seq*.), for employment discrimination on the basis of age, disability, and retaliation.

11. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

12. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC").

13. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC in February of 2015.

14. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling her to file suit on her claims of discrimination, on January 11, 2018.

15. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of the Right to Sue letter from the EEOC.

## FACTS

16. Plaintiff began working at Defendant in April of 1999, and her job title at the time of her termination at Defendant was Department Secretary for the Biomedical Engineering Department.

17. Plaintiff was over the age of forty at the time of her termination.

18. Plaintiff has medical conditions which substantially limit more than one major life activity and had said conditions at the time of her termination at Defendant.

19. Defendant was aware of Plaintiff's disabilities.

20. Plaintiff completed many training requirements, including, but not limited to annual training for patient privacy, performance management, and information security. In addition, Plaintiff was constantly praised by other employees at Defendant for her dedication and proficiency in her work and received a "successful" rating on her annual performance plan for the year 2014. Thus, Plaintiff was qualified for her position.

21. Plaintiff's immediate supervisor at the time of her termination was the Assistant Director at Defendant, John P. Weimert ("Weimert").

22. Plaintiff's primary harasser at Defendant was then Director, Samantha R. Jacques ("Jacques").

23. Jacques was under the age of 40 at the time Plaintiff was terminated at Defendant and at the time Jacques harassed Plaintiff based on her age.

24. During the time Plaintiff was employed at Defendant, Jacques frequently made unwelcomed remarks to Plaintiff about her age, including statements like, "you're the senior here," referring to the fact that Plaintiff was old rather than her time working at Defendant.

25. Jacques also wrongfully accused Plaintiff of being a racist (because of Plaintiff's old age rather than any comments or behavior whatsoever) after another Department Secretary at Defendant, Tomekia Walker (black), and Suzanne had a dispute over Tomekia's job responsibilities. During a meeting in July of 2013, Tomekia Walker called Plaintiff "old" in front of Jacques, and Jacques did not reprimand Tomekia Walker, but rather told Plaintiff she would be giving Plaintiff a write-up.

26. In July of 2013, Plaintiff reported Jacques's and Tomekia Walker's age-based harassment to Defendant's Employee Assistance Program ("EAP"). Plaintiff further expressed in her reported complaint that she felt targeted by Jacques based on the fact she was older. Plaintiff also reported this age-based harassment to her immediate supervisor, Weimert.

27. In December of 2013, Plaintiff was diagnosed with serious medical conditions and she took intermittent leave and medical leave due to her disability. Plaintiff returned to work at Defendant in August of 2014.

28. When Plaintiff returned to work at Defendant in August of 2014, Plaintiff overheard Jacques make very negative remarks about Plaintiff based on her age and disabilities such as, "I thought that she [Plaintiff] would be dead already."

29. During the time Plaintiff was on a reduced work schedule from October to November of 2014, Jacques made Plaintiff keep a journal of everything she did at Defendant, including when Plaintiff left her desk to go to the restroom or get a drink of water, as a means to torment Plaintiff based on her age and disability. Plaintiff's comparators were not required to do this.

30. In November of 2014, Plaintiff made another reasonable request for accommodation based on another diagnosis of a serious medical condition that substantially limited more than one of her daily life activities.

31. Plaintiff was terminated on December 22, 2014, because Defendant pretended it could no longer accommodate Plaintiff's request for a reduced work schedule based on Jacque's findings that allegedly too many calls to the Biomedical Engineering Department would be dropped. In fact, Defendant terminated Plaintiff based on her age, disability, and in retaliation for her request for reasonable accommodation and her complaints about age-based harassment.

32. Defendant's failure to make reasonable accommodations to Plaintiff was not based on an undue hardship on Defendant since there were two other Department Secretaries that answered phone calls.

33. Defendant's reason for terminating Plaintiff, as described above, was not a legitimate nondiscriminatory or nonretaliatory reason for termination and was, at the very least, mere

pretext to terminate Plaintiff based on her age, disability, and in retaliation for Plaintiff's request for reasonable accommodations and her complaints about age-based harassment.

## COUNT I

## DISCRIMINATION BASED ON AGE UNDER ADEA

34. Plaintiff re-alleges and incorporates into count one, paragraphs 1 to 33.

35. Defendant, by and through their agents and employees, especially Jacques and Tomekia Walker, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA.

36. Had Plaintiff not been significantly over the age of forty, she would not have been subjected to unwelcomed harassment (creating a hostile work environment) or terminated.

## COUNT II

## DISCRIMINATION BASED ON DISABILITY UNDER THE ADA AND ADAAA

37. Plaintiff re-alleges and incorporates into count two, paragraphs 1 to 36.

38. Defendant, by and through their agents and employees, especially Jacques, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful under the ADA and ADAAA.

39. Defendant failed to make reasonable accommodations for Plaintiff by disallowing her to remain working on a reduced schedule or, at the very least, restructuring her job responsibilities as one of three Department Secretaries in the Biomedical Engineering Department at the time of her termination.

40. Had Plaintiff not suffered from a disability, she would not have been subjected to disparate treatment, subjected to a hostile environment, or terminated.

## COUNT III

## ADEA RETALIATION

41. Plaintiff re-alleges and incorporates into count two, paragraphs 1 to 40.

42. Plaintiff engaged in a protected activity in by reporting the unwelcomed age-based harassment she endured at Defendant to the EAP and to her immediate supervisor, Weimert.

43. Plaintiff reasonably believed that the age-based harassment she endured from Jacques and Tomekia Walker was unlawful under the ADEA.

44. Defendant, by and through their agents and employees, especially Jacques, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful under the ADEA anti-retaliation provision.

45. Had Plaintiff not reported the unwelcomed age-based harassment she endured, she would not have been terminated.

## COUNT IV

## ADA/ADAAA RETALIATION

46. Plaintiff re-alleges and incorporates into count two, paragraphs 1 to 45.

47. Plaintiff engaged in a protected activity in November of 2014 by requesting reasonable accommodations to extend her modified work schedule.

48. Defendant, by and through their agents and employees, especially Jacques, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful under the ADA and ADAAA anti-retaliation provision.

49. Had Plaintiff not requested reasonable accommodation to extend her modified work schedule, she would not have been terminated in such close proximity to her request.

## DAMAGES

50. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

51. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

52. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

53. Plaintiff hereby makes her request for a jury trial.

## INJUNCTIVE RELIEF

54. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA, ADA/ADAAA, and who violate other Federal statutory protection against discrimination.

55. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

    a. allocation of significant funding and trained staff to implement all changes within two years;

    b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

    c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

    d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and

    f. eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal.

**PRAYER**

56. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. back pay;

    b. pre-judgment interest on back pay;

c.  front pay;

d.  disbursement of Plaintiff's retirement benefits;

e.  compensatory damages, including but not limited to emotional distress;

f.  punitive damages;

g.  injunctive and affirmative relief;

h.  attorneys' fees and costs; and

i.  such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By: _/s/ct_
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
Email: connor.throckmorton@coane.com
Bruce A. Coane
S.D. Tex. #7205
TX Bar # 04423600
Email: bruce.coane@gmail.com
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone:   (713) 850-0066
Facsimile:    (713) 850-8528
***ATTORNEYS FOR PLAINTIFF***